### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAQUELINE SEIFTER and BARBARA ANTES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>WELCOME WAGON, LLC<br><br>Defendant. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Jaqueline Seifter and Barbara Antes (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover minimum wages and overtime compensation and other damages for Plaintiffs and similarly situated Community Marketing Executives (hereinafter "CMEs") arising out of their employment with Welcome Wagon, LLC ("Defendant").

2.     As CMEs, Plaintiffs worked remotely pulling advertising leads, calling potential customers, and selling Defendant's advertising services to targeted customers.

3.     As Plaintiffs engaged in sales from their house as a fixed point, they were not subject to the outside sales exemption.

4.     Moreover, Plaintiffs were not employed by retail or service establishments nor did their compensation exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours were worked.

5.     Despite being non-exempt employees, CMEs were paid only commissions based on their sales. Defendant failed to pay CMEs minimum wages, overtime or other compensation

1

required under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

6.      Plaintiffs bring this action on behalf of themselves and all other similarly situated CMEs who elect to opt in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b).

7.      Plaintiffs also bring this action on behalf of themselves and all other similarly situated CMEs in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 et seq. ("NYLL"), and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiffs

#### Jaqueline Seifter

8.      Jaqueline Seifter ("Seifter") is an adult individual who is a resident of the State of New York.

9.      Seifter was employed by Defendant as a CME from on or around January 15, 2019 through September 27, 2024.

10.      Seifter is a covered employee within the meaning of the FLSA and the NYLL.

11.      A written consent form for Seifter is being filed with this Complaint.

#### Barbara Antes

12.      Barbara Antes ("Antes") is an adult individual who is a resident of the State of New York.

13.      Antes was employed by Defendant as a CME from in or around May 2019 through January 2022.

14.      Antes is a covered employee within the meaning of the FLSA and the NYLL.

15.     A written consent form for Antes is being filed with this Complaint.

**Defendant**

**Welcome Wagon, LLC**

16.     Welcome Wagon, LLC is a foreign limited liability company.

17.     Welcome Wagon, LLC's principal executive office is located at 5830 Coral Ridge Drive Coral Springs, Florida 33076

18.     At all times relevant, Welcome Wagon, LLC has maintained control, oversight, and direction over Plaintiffs and similar employees, including but not limited to, supervising and directing their work, keeping employment records, providing materials for Plaintiffs to perform their jobs, and other employment practices that applied to them.

19.     At all times relevant, Welcome Wagon, LLC applied the same employment policies, practices, and procedures to all CMEs in its operation with respect to payment of wages.

20.     Upon information and belief, at all relevant times, Welcome Wagon, LLC has had an annual gross volume of sales in excess of $500,000.

21.      At all times relevant, Welcome Wagon, LLC has employed more than 2 employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

22.     Welcome Wagon, LLC was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiffs and similarly situated employees.

**JURISDICTION AND VENUE**

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

24.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to

29 U.S.C. § 216(b).

25.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts business in this District and some of the events or omissions giving rise to the claims arose in this District.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who work or have worked as CMEs for Defendant who elect to opt-in to this action (the "FLSA Collective").

27.     Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective.

28.     Consistent with Defendant's policies and patterns or practices, Plaintiffs and the FLSA Collective were not paid the applicable minimum wage for all hours worked and were not paid proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

29.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

30.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs sand the FLSA Collective, minimum wages for all hours worked and overtime wages for all hours worked in excess of 40 hours per workweek.

31.    An employer "willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *See Young v. Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

32.    According to *Whiteside v Hover-Davis*, "a claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *See* 995 F.3d 315, 323 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "For a plaintiff to nudge their claim 'across the line from conceivable to plausible,' [they] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *See id*. (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)).

33.    Defendant's willful violation of the FLSA is evidenced by the clear nature of the violation – it is without question illegal to not pay an employee the full minimum wage rate for all hours worked and at least 1.5 times an employee's regular rate of pay for overtime hours worked.

34.    Here, as evidenced below, discovery will certainly reveal evidence that Defendant blatantly ignored the FLSA's explicit requirement that it must compensate non-exempt workers like Plaintiffs the full minimum wage rate for all hours worked and no less than 1.5 times their rates of pay for overtime hours.

35.    As such, Defendant's actions constitute a willful violation of the FLSA.

**NEW YORK CLASS ACTION ALLEGATIONS**

36.    Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

All persons who work or have worked as Community Marketing Executives for Welcome Wagon, LLC. in New York between March 21, 2018 and the date of final judgment in this matter (the "New York Class").[1]

37.  The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

38.  There are more than fifty members of the New York Class.

39.  Plaintiffs' claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

40.  Plaintiffs and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

41.  Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

42.  Plaintiffs are able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

43.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

and classes in wage and hour cases.

44.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual New York Class lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

45.    Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a)  whether Defendant failed to pay Plaintiffs and the New York Class minimum wages for all of the hours they worked up to 40 per week;
>
> (b)  whether Defendant correctly compensated Plaintiffs and the New York Class for hours worked in excess of 40 per workweek;
>
> (c)  whether Defendant failed to furnish Plaintiffs and the New York Class with a proper time of hire wage notice, as required by the NYLL; and
>
> (d)  whether Defendant failed to furnish Plaintiffs and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFFS' FACTUAL ALLEGATIONS

46.    Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiffs, individually, as follows:

**Jacqueline Seifter**

47.    During Seifter's employment by Defendant as a CME, Seifter was paid commissions once per month, on some occasions, where Seifter was unable to make sales, she did

not receive any compensation.

48.    During her employment as a CME, Seifter generally worked the following scheduled hours, unless she missed time for vacation, sick days, or holidays:

(a) Monday through Friday approximately 7 a.m. through 7 p.m. to 10 p.m.

49.    Additionally, Seifter regularly worked three to five hours on Saturdays and Sundays.

50.    As a result of the above schedule, Seifter frequently worked over 40 hours per week.

51.    As Seifter's was paid only commissions, Defendant failed to pay her minimum wages, overtime pay and spread of hours pay.

52.    Defendant failed to accurately keep track of Seifter's hours and compensate her for all work performed.

53.    Defendant failed to provide Seifter with a proper time of hire wage notice as required by the NYLL.

54.    Throughout her employment, Defendant failed to provide Seifter with accurate wage statements with each payment of wages as required by the NYLL.

**Barbara Antes**

55.    During Antes' employment by Defendant as a CME, Antes was paid commissions once per month, on some occasions, where Antes was unable to make sales, she did not receive any compensation.

56.    During her employment as a CME, Antes generally worked the following scheduled hours, unless she missed time for vacation, sick days, or holidays:

(a) Monday through Friday approximately 8 a.m. through 7 p.m. to 8 p.m.

57.     Additionally, Antes regularly worked three to five hours on Saturdays and Sundays.

58.     As a result of the above schedule, Antes frequently worked over 40 hours per week.

59.     As Antes was paid only commissions, Defendant failed to pay her minimum wages, overtime pay and spread of hours pay.

60.     Defendant failed to accurately keep track of Antes' hours and compensate her for all work performed.

61.     Defendant failed to provide Antes with a proper time of hire wage notice as required by the NYLL.

62.     Throughout her employment, Defendant failed to provide Antes with accurate wage statements with each payment of wages as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

63.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

64.     At all times relevant, Plaintiffs and the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

65.     At all times relevant, Plaintiffs and the FLSA Collective were or have been employees within the meaning of 29 U.S.C §§ 201 et seq.

66.     At all times relevant, Defendant has been the employer of Plaintiffs and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C §§ 201 et seq.

67.    Defendant has been required to pay directly to Plaintiffs and the FLSA Collective the full minimum wage rate for all hours worked.

68.    Defendant failed to pay Plaintiffs and the FLSA Collective at the applicable minimum hourly rate for all hours worked.

69.    As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

70.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

71.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of FLSA Collective.

72.    Plaintiffs and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

73.    Defendant failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay for all hours worked in excess of 40 per workweek.

74.    As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to

be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys'

fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiffs and the New York Class)

75.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

76.     The minimum wage provisions of Article 19 of the NYLL and its supporting

regulations apply to Defendant and protect Plaintiffs and the New York Class.

77.     Defendant failed to pay Plaintiffs and the New York Class at the applicable

minimum hourly wage for all hours worked.

78.     Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are

entitled to recover from Defendant their unpaid minimum wages, liquidated damages as provided

for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment

interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs and the New York Class)

79.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

80.     The overtime wage provisions of Article 19 of the NYLL and its supporting

regulations apply to Defendant and protect Plaintiffs and the New York Class.

81.     Defendant failed to pay Plaintiffs and the New York Class the premium overtime

wages to which they were entitled under the NYLL and the supporting New York State Department

of Labor Regulations – at a rate of 1.5 times their regular rates of pay– for all hours worked beyond

40 per workweek.

82.    Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Spread of Hours Pay**
**(Brought on behalf of Plaintiffs and the New York Class)**

83.    Plaintiffs reallege, and incorporates by reference, all allegations in all preceding paragraphs.

84.    Defendant regularly and knowingly required Plaintiffs and the New York Class to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

85.    Defendant knowingly, willfully, and intentionally failed to pay Plaintiffs and the New York Class one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiffs' start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

86.    Because of Defendant's willful violation of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant, jointly and severally, Plaintiffs' unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Notice
### (Brought on behalf of Plaintiffs and the New York Class)

87.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

88.    Defendant failed to supply Plaintiffs and the New York Class with a proper time of

hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified

as their primary language, at the time of hiring, containing, among other items: the rate or rates of

pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by

the employer in accordance with section one hundred ninety-one of this article; overtime rate; the

name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer; plus such other information as the commissioner deems

material and necessary.

89.    Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiffs and the New

York Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed

to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable

attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs and the New York Class)

90.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

91.    Defendant failed to supply Plaintiffs and the New York Class with an accurate

statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing:

dates of work covered by that payment of wages; name of employee; name of employer; address

and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay

if applicable; the number of hours worked per week, including overtime hours worked if

applicable; deductions; and net wages.

92.    Due to Defendant's violations of NYLL § 195(3), Plaintiffs and the New York

Class are entitled to statutory penalties of two hundred fifty dollars for each workday that

Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars

each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all other similar persons,

respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this

collective action, or that the Court issue such notice, to all CMEs who are presently, or have at

any time during the three years immediately preceding the filing of this suit, up through and

including the date of this Court's issuance of court-supervised notice, worked for Defendant.

Such notice shall inform them that this civil action has been filed, of the nature of the action, and

of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages and overtime wages, and an additional and equal amount

as liquidated damages pursuant to the FLSA and the supporting United States Department of

Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the New York Rule 23 Class and counsel of record as Class Counsel;

E.      Unpaid minimum wages, overtime wages, spread of hours pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      An award of monetary damages to be proven at trial for all unpaid daily/weekly overtime owed to Plaintiffs and the New York Class;

G.      Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiffs and the New York Class with proper time of hire/annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiffs and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

I.      Prejudgment and post-judgment interest;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
      November 4, 2024

Respectfully submitted,

/s/ Brian S. Schaffer

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer

Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**RAYMOND NARDO, P.C.**
Raymond Nardo
129 Third Street
Mineola, NY 11501
Telephone: (516) 248-2121

*Attorneys for Plaintiffs and*
*the Putative Class and Collective*